UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER FLORES,<br><br>        Plaintiff,<br><br>   v.<br><br>J. CUEVAS,<br><br>        Defendant. | Case No. 1:24-cv-01412-CDB (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUESTED EXTENSION OF TIME TO RESPOND TO THE COMPLAINT <u>AS MODIFIED</u><br><br>(Doc. 1)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**21-DAY DEADLINE** |

**Background**

Plaintiff Javier Flores, a state inmate proceeding pro se, initiated this action with the filing of a complaint in the California Superior Court for the County of Kings, alleging, among other things, violations of his rights by Defendant J. Cuevas under the First, Eighth, and Fourteenth Amendments of the United States Constitution. (Doc. 1 p. 7).

**A.    Defendant's Request for Screening**

Defendant removed the action to this Court on November 18, 2024. (Doc. 1 pp. 1-3). In his notice of removal, Defendant requests the Court screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and grant Defendant 30 days to respond to the complaint from the date of service of the Court's order screening the complaint. *Id.* at 3.

Defendant's request for an extension of time to respond to the complaint after service of the Court's screening order will be granted. The Court shall proceed with screening Plaintiff's

complaint in due course.

### B. Plaintiff's Failure to Exhaust Administrative Remedies

In his Complaint, Plaintiff does not indicate or show he has exhausted his administrative remedies between December 28, 2023—the date of the subject incident—and September 3, 2024, the date he filed his complaint.

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances are subject to two levels of review. *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1). Prisoners must generally receive a disposition from the second level of review before administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* § 3483(m)(2). In general, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, it appears clear on the face of his complaint that Plaintiff has failed to exhaust administrative remedies prior to filing suit. Accordingly, the Court will order Plaintiff to show cause in writing why this action should not be dismissed for his failure to exhaust

**Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED:

(1) Defendant shall have 21 days to respond to Plaintiff's complaint from the date of

2

service of an assigned district judge's adoption of any findings and recommendations following screening of the complaint finding cognizable claims.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i); and

(2) Plaintiff, **within 21 days** of the date of service of this order, shall show cause in writing why this action should not be dismissed for his failure to exhaust administrative remedies.  **Any failure by Plaintiff to timely respond to this order may result in the imposition of sanctions, up to and including a recommendation that the action be dismissed.**

IT IS SO ORDERED.

Dated:   **November 21, 2024**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE