UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER FLORES,<br><br>             Plaintiff,<br><br>      v.<br><br>J. CUEVAS,<br><br>             Defendant. | Case No.: 1:24-cv-01412-KES-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR A FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION PERIOD** |

**I.    BACKGROUND**

Plaintiff Javier Flores originally filed this action, pro se, in the Kings County Superior Court; the case was removed to this Court by Defendant J. Cuevas on November 18, 2024. (*See* Doc. 1.)

On November 21, 2024, the Court issued its Order Granting Defendants' Requested Extension of Time to Respond to the Complaint As Modified, and Order Directing Plaintiff to Show Cause Why Action Should Not Be Dismissed for Failure to Exhaust Administrative Remedies. (Doc. 3.) As to the latter, Plaintiff was directed to show cause within 21 days. (*Id*. at 3.) The order was served on Plaintiff that same date at his address on record with the Court: "Javier Flores, AK-5319, Avenal State Prison, P.O. Box 906, Avenal CA 93204."

On December 3, 2024, the United States Postal Service (USPS) returned the November

1  21, 2024, order marked "Undeliverable, Not Deliverable as Addressed, RTS."

2  On December 5, 2024, the Court issued its Order Directing Defendant to Undertake Reasonable Efforts to Locate Plaintiff and to File Status Report. (Doc. 4.) More specifically, within 14 days, Defendant was to file a status report describing the efforts undertaken to locate Plaintiff and the results of those efforts. (*Id*. at 2.) This order too was served to Plaintiff at his address of record.

On December 13, 2024, the USPS returned the December 5, 2024, order marked "Undeliverable, Out to Court, Paroled."

Defendant Cuevas filed a status report on December 19, 2024. (Doc. 5.)

On December 27, 2024, a Clerk's Notice issued assigning District Judge Kirk E. Sherriff to this action. (Docket Entry 7.) The Clerk's Notice was also served to Plaintiff that same date to his address of record.

On January 22, 2025, the USPS returned the December 27, 2024, notice marked "Undeliverable, Out to Court, Paroled."

**II.    DISCUSSION**

*Defendant's Status Report (Doc. 5)*

In summary, Defendant Cuevas reported the following concerning efforts to locate Plaintiff: (1) Defendant's service copy of its removal documents was returned as undeliverable on December 6, 2024; (2) defense counsel contacted the litigation coordinator at Avenal State Prison and was informed that "Plaintiff had been paroled to the custody of the U.S. Immigration Customs and Enforcement (ICE) on October 29, 2024, but the litigation coordinator had no other information regarding Plaintiff's whereabouts;" (3) defense counsel's paralegal attempted to locate Plaintiff on the ICE webpage but received no results; (4) defense counsel emailed Plaintiff's parole officer seeking information and was informed that Plaintiff was deported to Mexico on November 5, 2024, but the officer had no other information concerning Plaintiff's location; (5) defense counsel reviewed Plaintiff's prison file, found Plaintiff's alien registration number, and attempted to use the immigration court's webpage to locate Plaintiff's immigration case but received no results; (6) although Plaintiff's prison file includes family correspondence

2

1   mentioning Mazatlan and Tijuana, Mexico, no record of a current address could be located with
2   that information; and (7) defense counsel reported that despite a California Rule of Court
3   requiring Plaintiff to update his address or contact information with the state superior court,
4   Plaintiff has not done so. Defendant stated any additional information received concerning
5   Plaintiff's whereabouts would be promptly reported to the Court.

*Analysis*

Courts may dismiss lawsuits for lack of prosecution. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). In determining whether to dismiss a pro se plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440.

Here, Plaintiff was deported to Mexico nearly three months ago. Within that period, Plaintiff has failed to provide the state superior court or this Court with an updated or current address. Further, defense counsel's efforts to locate Plaintiff following the Court's December 5, 2024, order were thorough but unsuccessful. Given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action. Thus, the first and second factors — the expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Defendant has appeared in this action by way of removal proceedings.[1] *See* 28 U.S.C. § 1441. Although nearly three months may not amount to an unreasonable delay in other circumstances, this action is at a standstill. Without a current address for Plaintiff, further unreasonable delays are inevitable. Thus, the third factor also weighs in favor

---

[1] Defendant paid the $405 filing fee for this action on November 18, 2024.

1  of dismissal. *Carey*, 856 F.2d at 1440-41.

2  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). Here, Plaintiff cannot be located following deportation to Mexico in November 2024. In both the state superior court[2] and in this Court,[3] it is Plaintiff's obligation to keep the Court apprised of his current address. Yet following deportation, Plaintiff has not updated his address with the Kings County Superior Court. Nor does this Court have a current address for Plaintiff. Where Plaintiff did not receive Defendant's removal documents served November 18, 2024, Plaintiff will not be moving this case forward toward disposition on the merits—Plaintiff is likely unaware that the lawsuit he filed in the state superior court has been removed to this Court. But where this Court has no way to contact Plaintiff, Plaintiff's failure to comply with California Rules of Court requiring him to keep the Kings County Superior Court apprised of his current address means Plaintiff will be unable to move this case toward disposition on its merits. As noted above, this action is at a standstill despite efforts to locate Plaintiff. Therefore, in these circumstances, the fourth factor — the public policy favoring disposition of cases on their merits — also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court considers the availability of less drastic sanctions. A district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives. *See, e.g.*, *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *see also Lopez-Rangel v. Copenhaver*, No. 14-cv-1175-DLB PC, 2016 WL 8730721,

---

[2] *See* Cal. R. Ct. 2.200 (Service and filing of notice of change of address or other contact information).

[3] *See* Local Rules 182(f) and 183(b).

at *1, n.1 (E.D. Cal. Jan. 29, 2016) (noting the action "was [previously] dismissed without prejudice on December 9, 2015, after Plaintiff was released and deported, but failed to keep the Court apprised of his current address"). The Court has considered possible and meaningful alternatives in this case. When the Court's orders were returned by the USPS marked undeliverable, the Court directed Defendant to undertake reasonable efforts to locate Plaintiff. Defendant did so without success. Given Plaintiff's deportation to Mexico and the Court's inability to locate and/or contact Plaintiff, less drastic sanctions are simply unavailable. Notably too, the dismissal recommended herein is without prejudice, allowing Plaintiff the potential of re-filing his lawsuit in this Court.[4]

Additionally, the Court notes dismissal for a failure to prosecute where a plaintiff has been deported is not exceptional. *See, e.g.*, *Clarke v. United States*, No. 19-CV-00328V(F), 2021 431630, at *4 (W.D.N.Y. Jan. 5, 2021) (recommending motion to dismiss and action be dismissed without prejudice for plaintiff's failure to prosecute following deportation), adopted 2021 WL 428651 (W.D.N.Y. Feb. 8, 2021); *Bueno Diaz v. Mercurio*, No. 19 Civ. 1319 (AT), 2020 WL 3893271, at *3 (S.D.N.Y. July 9, 2020) (granting motion to dismiss for failure to prosecute and stating, "In light of Plaintiff's circumstances—including his pro se status, frequently changing custody, and deportation—dismissal without prejudice is warranted"); *Douglas v. Salotti*, No. 15-CV-636-A, 2020 WL 2525767, at *1 (W.D.N.Y. May 18, 2020) (dismissing case without prejudice for P's failure to prosecute following deportation [after issuing OSC re ability to prosecute after deportation]); *Abreu v. Weston*, No. 9:18-CV-0186 (MAD/ATB), 2020 WL 524777, at *3 (N.D.N.Y. Feb. 3, 2020) (dismissing action for plaintiff's failure to prosecute and to comply with court orders where plaintiff was deported, mail was returned to the court undeliverable, plaintiff failed to keep address current, and plaintiff's whereabouts were unknown); *Ibarra v. Henderson*, No. 14-cv-0395-MJR-SCW, 2015 WL 5162276, at *1 (S.D. Ill. Sept. 1, 2015) (adopting recommendation to grant motion to dismiss for want of prosecution following plaintiff's release from prison and deportation); *Roach v. Sobal*,

---

[4] Plaintiff's state court complaint concerns events occurring in December 2023. (*See* Doc. 1 at 5-11 [Ex. A].)

5

No. 92 CIV 7355(TPG), 81971, 1999 WL 108612, at *1 (S.D.N.Y. Mar. 2, 1999) (dismissing complaint for failure to prosecute and noting, "Since his deportation, plaintiff has not contacted either the Court or defendants in any regard and his whereabouts remain unknown, preventing either the Court or defendants from contacting him").

### III.    CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the undersigned **HEREBY RECOMMENDS** this action be dismissed without prejudice for a failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **January 31, 2025**                             _____
                                                           UNITED STATES MAGISTRATE JUDGE

6